UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JAMES E. GREENE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-0408 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 8, 11 |
| | : | | |
| AMERICAN FEDERATION OF | : | | |
| GOVERNMENT EMPLOYEES, | : | | |
| AFL-CIO, LOCAL 2607, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

D<small>ENYING THE</small> P<small>LAINTIFF'S</small> M<small>OTION FOR</small> R<small>EMAND AND</small>
G<small>RANTING THE</small> D<small>EFENDANT'S</small> M<small>OTION TO</small> D<small>ISMISS</small>

**I.   INTRODUCTION**

This matter comes before the court on the plaintiff's motion for remand and the defendant's motion to dismiss. The plaintiff initiated this suit on January 26, 2005, in the Superior Court for the District of Columbia ("Superior Court"). On February 25, 2005, the defendant removed the action to this court based on federal question jurisdiction. Because the plaintiff's claims are preempted by the Civil Service Reform Act (the "CSRA" or the "Act"), the plaintiff is not entitled to judicial relief. Accordingly, the court denies the plaintiff's motion for remand and grants the defendant's motion to dismiss.

**II.   BACKGROUND**

During the plaintiff's employment with the United States Department of Education, Hung Nguyen ("Nguyen"), the plaintiff's supervisee, filed a grievance against the plaintiff alleging sexual harassment. Def.'s Mot. to Dismiss ("Def.'s Mot.") at 2; *see also* Pl.'s Opp'n to Def.'s

Mot. to Dismiss ("Pl.'s Opp'n") at 7.  In the grievance proceedings, Nguyen was represented by Adrienne Chute ("Chute"), an employee of the defendant, American Federation of Government Employees, AFL-CIO Local 2607 ("Local 2607" or the "Union").  Defs.' Mot. at 2-3; *see also* Compl. ¶ 2.  The plaintiff alleges that during the grievance proceedings, Nguyen and Chute committed defamation and false light invasion of privacy by making at least one false statement concerning the plaintiff's sexual behavior.  Compl. ¶¶ 3, 7.

The plaintiff filed the instant action against the Union in the Superior Court on January 26, 2005.  He also filed a separate action there against Nguyen and Chute.  *Greene v. Nguyen*, D.D.C. C.A. No. 05-0407.  The plaintiff bases the instant suit on the theory of *respondeat superior*, contending that Chute was acting as an agent of the Union when she allegedly made the defamatory statements.  Compl. ¶ 2.  The Union removed the action to this court on February 25, 2005.  It premised the removal on the contention that the CSRA governs the plaintiff's claims and, therefore, the district court has federal question jurisdiction over the action.  Not. of Removal ¶¶ 7-8.

On June 10, 2005, the Union filed a motion to dismiss, arguing that because the plaintiff's claims fall within the purview of the CSRA, the Act preempts the tort claims of defamation and false light invasion of privacy, rendering the plaintiff's claims unentitled to judicial review, and thus stripping the court of subject matter jurisdiction.  The plaintiff is requesting that the court remand this action to the Superior Court, contending that the CSRA does not preempt his tort claims, and that removal based on federal question jurisdiction is therefore improper.  Pl.'s Mot. to Remand ("Pl.'s Mot.") at 5.  The court now addresses the

plaintiff's motion for remand and the defendant's motion for dismissal in turn.[1]

### III. ANALYSIS

#### A. The Plaintiff's Motion for Remand

##### 1. Legal Standard for Remand

Federal courts are courts of limited jurisdiction and therefore the law presumes that "a cause lies outside of [the court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). According to the removal statute, a defendant may properly remove to federal court an action brought in a state court when original subject matter jurisdiction exists in the form of diversity. 28 U.S.C. § 1441(a) (1996); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction exists when the action involves citizens of different states and the amount in controversy exceeds $75,000.00 per plaintiff, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

Additionally, a defendant may properly remove to federal court an action brought in a state court when the federal court enjoys original subject matter jurisdiction, that is, a claim arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); *Hardin-Wright v. Dist. of Columbia Water & Sewer Auth.*, 350 F. Supp. 2d 102, 104 (D.D.C. 2005) (citations omitted). "If, however, state law creates the cause of action, the court must

---

[1] The plaintiff's motion to remand for lack of subject matter jurisdiction necessarily precedes the defendant's motion to dismiss for lack of subject matter jurisdiction; therefore, the court addresses the remand motion first. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir. 1998)).

determine whether the adjudication of those state law claims requires resolution of a substantial question of federal law, [] because the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id*. at 104-05 (internal quotation marks and citations omitted) (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *Franchise Tax. Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983)). "[F]ederal courts have fashioned a two-pronged test in order to determine if a state cause of action can provide the basis for federal removal jurisdiction.  The removing party must show (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." *Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the W.*, 2005 WL 713608, at *4 (D.D.C. 2005) (internal citations and quotation marks omitted); *see generally Merrell Dow*, 478 U.S. 804.

Courts must strictly construe removal statutes.  *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)). The court must resolve any ambiguities concerning the propriety of removal in favor of remand. *Univ. of S. Ala.*, 168 F.3d at 411; *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 66 (D.D.C. 2002). When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction.  *Kokkonen*, 511 U.S. at 377; *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Nat'l Org. for Women v. Mut. of Omaha Ins. Co.*, 612 F. Supp. 100, 101 (D.D.C. 1985).

If a defect in removal procedures or lack of subject matter jurisdiction becomes apparent at any point prior to final judgment, the removal court must remand the case to the state court from which the defendants originally removed the case.  28 U.S.C. § 1447(c).  In the event that the federal court lacks subject matter jurisdiction, remand is mandatory.  *Republic of Venez. v.*

*Philip Morris, Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002); *Johnson-Brown v. 2200 M St. LLC,* 257 F. Supp. 2d 175, 177-78 (D.D.C. 2003).

### 2.   CSRA Preempts the Plaintiff's State law Claims

The plaintiff contends that the CSRA does not preempt his state tort claims of defamation and false light invasion of privacy and therefore removal to this court was improper. Pl.'s Mot. at 5. The court disagrees. Congress enacted the CSRA in 1978 to supplant the increasingly inefficient civil service system with an "integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *United States v. Fausto*, 484 U.S. 439, 445 (1988) (citation omitted); *see also Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 36 (D.D.C. 2004). The CSRA provides for an administrative process to avoid litigation to resolve employment-related complaints. *Carducci v. Regan*, 714 F.2d 171, 174 (D.C. Cir. 1983) (stating that prohibited personnel practices have been "eliminate[d] . . . from direct judicial review"). Judicial review of a complaint for an alleged unlawful personnel action is allowed only for specified types of complaints, only in the Federal Circuit, and only after a claimant exhausts the administrative remedies established in the Act. *Ward v. Kennard*, 133 F. Supp. 2d 54, 60 (D.D.C. 2000); *see also Carducci*, 714 F.2d at 175 (outlining the CSRA's administrative scheme

for the resolution of complaints related to personnel actions[2]); 5 U.S.C. §§ 1214, 7703.

The CSRA preempts a state tort claim if the claim falls within the purview of the Act. *Saul v. United* States, 928 F.2d 829, 840-43(9th Cir. 1991) (concluding that the CSRA preempts state law claims); *Hall v. Clinton*, 143 F. Supp. 2d 1 at *5 (D.D.C. 2001) (citations omitted); *see also Carducci*, 714 F.2d at 174. Moreover, the CSRA provides the exclusive remedy even if the Act prescribes no remedy for that claim. *Hill*, 143 F. Supp. 2d at *5 (citations omitted); *see also Spagnola v. Mathis*, 859 F.2d 223, 229 (D.C. Cir. 1988) (holding that the CSRA preempted the plaintiff's constitutional claim even though the CSRA provided him with no remedy). In *Carducci v. Regan*, for example, the plaintiff sought judicial review after he was reassigned due to poor performance. 714 F.2d at 172. Because the defendant's alleged conduct was considered a nonmajor personnel action (as opposed to an "adverse action") under the CSRA, the plaintiff was not entitled to be heard by the Office of Special Counsel ("OSC") regarding his complaint. *Id.* at 173. The *Carducci* court found that the Act preempted the plaintiff's claims notwithstanding the fact that the Act did not provide relief for his claims. The court explained that, "failure to include some types of nonmajor personnel action within the remedial scheme of so comprehensive a piece of legislation reflects a congressional intent that no judicial relief be

---

[2] *Carducci v. Regan* set forth a concise summary of the Civil Service Reform Act's (the "CSRA") remedial scheme for complaints relating to personnel practices. 714 F.2d 171, 175 (D.C. Cir. 1983). First, major personnel actions ("adverse actions") are afforded "direct judicial review after extensive prior administrative hearings[.]" *Id.* "Adverse actions are defined as removals, suspensions, reductions in grade or pay, or furloughs." *Pope v. Bond*, 613 F. Supp. 708, 711 (D.D.C. 1985) (internal quotation marks omitted) (citing 5 U.S.C. § 7512). Second, "prohibited personnel practices," as defined in 5 U.S.C. § 2302(b), are afforded review by the Office of Special Counsel, with an extremely limited possibility of judicial review. *Carducci*, 714 F.2d at 175. Finally, personnel actions that are not considered prohibited personnel practices are afforded no administrative or judicial review. *Id.*

available[.]" *Id.* at 174 (internal footnote and citation omitted). The court justified Congress's failure to provide for relief for nonmajor personnel actions, concluding that it would be unjust to deny judicial relief to victims of adverse personnel actions, but to grant such relief to victims of personnel actions that were "less significant than adverse actions . . . [or] *so* insignificant as not even to bear mention in the statute." *Id.* at 175 (emphasis in original).

The principle articulated in *Carducci* applies to the instant action. Because the plaintiff's allegations concern a grievance that a coworker filed against him, as well as another federal employee's conduct resulting from that grievance, the court determines that his claims fall within the scope of the Act's provisions regarding personnel actions. Because the CSRA preempts the plaintiff's claims, removal from the Superior Court on the basis of federal question jurisdiction was proper. Accordingly, the court denies the plaintiff's motion for remand.

### B.  The Defendant's Motion to Dismiss

#### 1.  Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack

of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court may dismiss a complaint for lack of subject-matter jurisdiction only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### 2.   The Court Grants the Defendant's Motion to Dismiss

For the reasons discussed in III(A)(2) *supra*, the court concludes that the CSRA preempts the plaintiff's claims of defamation and false light invasion of privacy. The court reiterates that under the CSRA, only claims involving major personnel actions, or minor actions involving prohibited personnel practices, are entitled to any judicial review. *Carducci*, 714 F.2d at 175. Furthermore, in those cases subject to judicial review, such review is proper only after a determination by the OSC and an appeal to the Merit Systems Protection Board. 5 U.S.C. §

1214.

The plaintiff's complaint does not implicate a major personnel action, otherwise referred to as an adverse action, as defined in 5 U.S.C. § 7512.  *See* n.2 *supra* (stating that an adverse action is defined as a removal, suspension, reduction in grade or pay, or furlough).  What's more, the plaintiff, himself, argues that his complaint does not implicate a prohibited personnel practice.  It is by no leap of logic that the court concludes that the plaintiff's claims for defamation and false light invasion of privacy are minor actions that are not afforded judicial review.  Stated differently, even if the plaintiff had attempted to exhaust his administrative remedies prior to bringing suit, he would not be entitled to judicial review because he alleges neither a major personnel action nor a prohibited personnel practice.  *Carducci*, 714 F.2d at 175.

The court's determination that, although the CSRA preempts the plaintiff's claims, the Act affords the plaintiff no judicial remedy and therefore dismissal for lack of subject matter jurisdiction is proper, fits squarely with the *Carducci* court's analysis of the CSRA's "exhaustive remedial scheme[.]" *Id*. at 174.  This court declines to allow the plaintiff original judicial review of his claims when parties claiming any of the prohibited personnel practices articulated in 5 U.S.C. § 2302(b) are denied such review.  To do so would give the plaintiff "an access to the courts more immediate and direct than the statute provides" to parties claiming prohibited personnel practices.  *Id*. at 174.  This result would frustrate the CSRA's aim of standardizing the scheme of relief for employment-related complaints by federal employees.  *Karahalios v. Nat'l Fed'n of Fed. Employees*, 489 U.S. 527, 536 (1989) (concluding that the CSRA's congressional scheme precludes the plaintiff from seeking judicial rather than administrative remedies for his claim); *see also Hall v. Clinton*, 143 F. Supp. 2d 1, 5 (D.D.C. 2001) (determining that "Congress

intended for the CSRA to be a comprehensive remedy for federal employees with individualized job grievances"). Accordingly, the court grants the defendant's motion to dismiss for lack of subject matter jurisdiction.

### IV.   CONCLUSION

For all the foregoing reasons, the court denies the plaintiff's motion for remand and grants the defendant's motion to dismiss. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of September 2005.

RICARDO M. URBINA
United States District Judge